IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Docket No.: 4:14-cv-01117-RBH

| | |
|---|---|
| CINDY CROWLEY, | ) |
| Plaintiff, | ) |
| v. | ) **DEFENDANTS' MOTIONS IN LIMINE** |
| MICHAEL L. TAYLOR, Individually; P & S TRANSPORTATION, LLC; P & S TRANSPORTATION BROKERAGE, LLC; and GOODWIN ENTERPRISES, INC., | ) |
| Defendants. | ) |

Defendants move in limine to exclude certain items of evidence pursuant to the Federal Rules of Evidence. This lawsuit arises from a December 3, 2012 accident in Hartville, South Carolina. Defendant Michael Taylor drove a tractor-trailer owned by Defendant P&S Transportation, LLC, and, pursuant to applicable standards promulgated by the Federal Motor Carrier Safety Administration (FMCSA), went to a medical provider for a post-accident drug screen. Taylor tested at a Doctor's Care facility in Florence, and the test result reported back as "negative" for any controlled substance. In addition, the investigating officer did not cite Taylor for being impaired and no credible testimony exists to establish that fact.

Nevertheless, Plaintiff indicated she intends to submit evidence that Taylor was taking a medication for high blood pressure (Lisinopril) and that Taylor's pharmacy records show a prescription for Hydrocodone in December 2012. Plaintiff has not identified any witness who can offer an admissible opinion that Taylor was impaired at the time of the accident. Plaintiff also indicated she would offer testimony that Taylor violated company policy and/or the company did not

1

adequately train him about this issue. Clearly, any such opinion would not be relevant nor reliable because the opinions would fail to meet the requirements of Rules 702 and 703 of the Federal Rules of Evidence and the standards enunciated in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and its progeny. Very simply, no evidence exists that any use by Taylor of Lisinopril or Hydrocodone (which Taylor denied taking at the time of the accident) contributed in any way to the accident. Moreover, such evidence should be excluded under Fed. R. Civ. P. 403 because the probative value, if any, is substantially outweighed by the danger of unfair prejudice to Defendants.

  Defendants also move to exclude reference to any other accidents involving Taylor or company drivers and any actions or inactions taken by Defendants after the accident to investigate the accident. First, such evidence is inadmissible pursuant to Fed. R. Civ. P. 404(b), which disallows evidence of prior acts to show negligence or conduct consistent with prior behavior. Rule 404(b) expressly states: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evidence of prior incidents or accidents contained in the driving record would patently violate this rule if offered to establish liability for the subject accident. Moreover, such evidence should be excluded pursuant to Fed. R. Civ. P. 403 because any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and cumulative evidence. Taylor's driving record has minimal relevance or probative value, if any, yet the prejudice stemming from such evidence is substantial. As noted by a prior district court in South Carolina, "permitting proof of previous misconduct would only serve to inflame the jury and result in the danger that they jury might draw the impermissible inference that because the driver had been negligent on other occasions he was negligent at the time of the accident." <u>Bowman v. Norfolk Southern Railway Co.</u>, 832 F. Supp. 1014, 1021-22 (D.S.C. 1993).

Finally, Plaintiff identified a trucking expert (David Dorrity), who espoused certain criticisms of P&S Transportation's actions after the accident.  such evidence should be excluded pursuant to Fed. R. Civ. P. 403 because any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and cumulative evidence.  In addition, Plaintiff has not produced any credible evidence that Defendants hid any evidence or that any material issues developed during or as a result of any investigation that would support any additional claims against Defendants.

                                              TURNER PADGET

                                              s/ David S. Cobb

                                              _____
                                              David S. Cobb (Federal ID No. 6006)
                                              Post Office Box 22129
                                              Charleston, South Carolina 29413-2129

Charleston, South Carolina       Direct: (843) 576-2803
                                              Fax: (843) 577-1629
May 11, 2015                          dcobb@turnerpadget.com

                                              ATTORNEY FOR DEFENDANTS